CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
AUG 11 2021
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 4:16CR00007-010 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **TORRICK MIKEL MATTOX,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Mary Margaret Cleary, Assistant United States Attorney, Roanoke, Virginia, for United States; Donald R. Pender, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The defendant has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth hereafter, it is **ORDERED** that the motion, ECF No. 391, is DENIED.

The defendant was sentenced by the late District Judge Jackson L. Kiser by judgment entered May 16, 2017, to 84 months imprisonment. The government represented on May 5, 2021 that Mattox is currently housed at a residential reentry center, also known as a halfway house. At the time he filed his motion for compassionate release on November 24, 2020, he was incarcerated at the Southwest Virginia Regional Jail Authority, Abingdon Facility, which is not a BOP facility. The grounds of the defendant's motion are that he is at increased risk of serious illness from COVID-19 because he has sleep apnea.

The government first argues that the motion should be denied because Mattox failed to exhaust his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). He did not submit any evidence that he made a request to the warden of his facility before filing his motion in this court. The warden of the Southwest Virginia Regional Jail Authority, Abingdon facility, is not a BOP official, however, and would not have the power to grant the defendant's request. The residential reentry center does not have a warden. In the defendant's situation, there was no appropriate BOP warden to which he could have submitted a request. I therefore find that his failure to exhaust administrative remedies is excused because exhaustion would have been futile. *See United States v. Moore*, No. 5:16-CR-6, 2021 WL 3288354, at *2 (W.D. Va. Aug. 2, 2021) (Urbanski, J.).

Nevertheless, I find that Mattox has not established any extraordinary and compelling reason that would warrant a reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The Centers for Disease Control and Prevention (CDC) does not list sleep apnea as a condition that increases one's risk of severe illness from COVID-19. Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. While I do not intend to diminish the seriousness of the pandemic and the defendant's legitimate concern, generalized fear about contracting the virus is not a sufficient reason to justify compassionate release. I

note that I directed the defendant to inform the court as to whether he had been offered or received a vaccine against COVID-19, but he did not supply the requested information.  *See* Order, Apr. 21, 2021, ECF No. 409.

Considering this factor, as well as those set forth in § 3553(a), I find that the defendant is not qualified for such extraordinary relief.

ENTER:  August 11, 2021

/s/  JAMES P. JONES
United States District Judge